UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VAUGHN EDWARD
GREATHOUSE,

    Plaintiff,                                               Hon. Paul L. Maloney

v.                                                           Case No. 1:23-cv-960

REJJI P. HAYES d/b/a
Consumers Energy Company

    Defendant.
_____/

## REPORT AND RECOMMENDATION

      Plaintiff Vaughn Edward Greathouse paid the filing fee and filed his complaint in this action on September 12, 2023, against Rejji P. Hayes d/b/a Consumers Energy Company. Having reviewed Greathouse's complaint and attached exhibits, I recommend that the Court dismiss this action for lack of jurisdiction.

      I begin with two documents attached to the complaint as part of Exhibit A. The first exhibit purports to be a Durable Financial Power of Attorney in which Greathouse appointed himself as his own attorney-in-fact. (ECF No. 1-1 at PageID.9–20.) The second document is titled "Letter of Instructions Regarding Payment of Account," dated August 16, 2023, and directed to Defendant Hayes, who happens to be the Chief Financial Officer of Consumers Energy Company.[1] In this document, Greathouse instructed Hayes "to apply the principal's balance on each and every billing cycle set off to the corresponding account number (redacted)6557." (*Id.* at PageID.3.) Greathouse requested that Hayes contact him within five business days of receipt of the notice if he had any

---

[1] *See* https://www.cmsenergy.com/about-cms-energy/leadership/officers/default.aspx (last visited Sept. 14, 2023).

trouble completing the orders. He further instructed Hayes that he would "assume that these instructions have been completed" if he did not receive any communication regarding non-performance of the orders. (*Id.*) In addition to the Power of Attorney, Greathouse enclosed the detachable portion of his August 2023 Consumers Energy bill on which Greathouse wrote: "Pay to the order of: Consumers Energy Company; Six Hundred Nineteen Dollars and 77/100"—the amount of the bill. The detachable portion also included the handwritten notation, "For Deposit," and was stamped "Accepted." (*Id.* at PageID.6.)

> Greathouse alleges:
>
>   I, Greathouse, Vaughn Edward agent for said principal VAUGHN EDWARD GREATHOUSE sent a letter accepting all rights title, interest and equity owed to the principal. The letter was sent to the fiduciary and chief financial officer of CONSUMERS ENERGY COMPANY, Rejji P. Hayes. I then gave instructions on August 16th, 2023, to apply the principal's balance to the corresponding account for set off and to perform that task for each and every billing cycle. I made it clear that if there was any trouble in doing so, to contact me within 5 days. I then proceeded to send a 2nd letter and opportunity to cure as well as a final notice of default. It was made known that for him in his fiduciary capacity, to send communication in writing stating a reason for non performance of the orders. There is also a power of attorney on file which was sent to his address and to the estate department and that was sent via email to: estates@cmsenergy.com.

(*Id.*)

Greathouse asserts that Hayes's and/or Consumers' failure to credit his fictious negotiable instrument to his account balance constitutes a breach of contract according to "Federal Reserve Act 12" and "Federal Receive Act 16," as well as Section 29 of the Federal Reserve Act, 12 U.S.C. § 504, which Greathouse notes imposes on a person other than a "member bank" a penalty not to exceed $1,000,000, and a penalty on a "member bank" equal to the lesser of $1,000,000 or one percent of the total assets of such "member bank." (*Id.* at PageID.2.) Because Hayes/Consumers failed to comply with Greathouse's instructions for fifteen days, Greathouse seeks damages of

2

$15,000,000 ($1,000,000 per day) or, alternatively, one percent of Hayes's/Consumers' total assets or an order directing Hayes/Consumers to carry out his instructions. (*Id.*)

As courts of limited jurisdiction, "federal court[s] must proceed with caution in deciding that [they have] subject matter jurisdiction." *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1252 (6th Cir. 1996). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted); *see United States v. Horizon Healthcare Corp.*, 160 F.3d 326, 329 (6th Cir. 1998) (noting that the plaintiff has the burden of proving a federal court's jurisdiction). The Court must raise subject matter jurisdiction *sua sponte*. *See City of Kenosha v. Bruno*, 412 U.S. 507, 511 (1973).

As the party seeking to invoke this Court's jurisdiction, Greathouse fails to meet his burden of demonstrating that it exists. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 (2006). First, Greathouse fails to allege diversity jurisdiction under 28 U.S.C. § 1332(a). He does not allege that the parties are diverse, and his allegations suggest that they are not. Moreover, there is no plausible indication in the complaint that the amount in controversy exceeds the jurisdictional threshold of $75,000 exclusive of interest and costs. Greathouse's allegation that Hayes/Consumers violated Section 29 of the Federal Reserve Act lacks merit, as they are not banks. Moreover, "Section 29 of the Federal Reserve Act . . . imposes penalties on banks for an array of misconduct[,] [b]ut the imposition of civil penalties under Section 29 is carried out by federal officials, and private individuals do not have a private right of action to enforce Section 29 of the Federal Reserve Act." *Harp v. Police & Fire Fed. Credit Union*, No. 23-2577, 2023 WL 5152625, at *4 (E.D. Pa. Aug. 10, 2023) (citing *Benz-Puente v. Truist Fin.*, No. 23-cv-2682, 2023 WL 4763998, at *2 (E.D. Pa. July 26, 2023)); *Jones v. Farney*, No. 1:23-CV-563, 2023 WL

3

4763824, at *2 (N.D.N.Y. July 26, 2023), *report and recommendation adopted*, 2023 WL 5345173 (N.D.N.Y. Aug. 21, 2023) (dismissing pro se plaintiff's claim under Section 29 of the Federal Reserve Act because the plaintiff named an individual rather than a banking institution and any penalties imposed under that provision are collected by the Comptroller of the Currency or the Federal Reserve Board and deposited into the Treasury); *Lillacalenia v. Kit Fed. Credit Union*, No. 14-151, 2014 WL 3940289, at *2 (W.D. Ky. Aug. 12, 2014) ("Moreover, [plaintiff] fails to show that he, as an individual, may maintain an action under either of these civil penalty provisions as any penalty imposed under §§ 504 and 505 shall be assessed and collected by either the Comptroller of the Currency or the Board, ... and all penalties collected 'shall be deposited into the Treasury.'").

For the same reasons, there is no basis for federal question jurisdiction under 28 U.S.C. § 1331; this action does not present a substantial federal question.

Apart from the foregoing grounds for dismissal, it is firmly established that a court may dismiss an action *sua sponte* "for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479–80 (6th Cir. 1999); *see also Wagenknecht v. United States*, 533 F.3d 412, 417 (6th Cir. 2008). Greathouse's complaint, as set forth above, meets this standard. *See McGee v. Nissan Motor Acceptance Corp.*, 619 F. App'x 555, 555–56 (7th Cir. 2015) (affirming dismissal of the complaint because the plaintiff's claim that his lender's refusal to recognize his "bill of exchange" constituted a discharge of the debt was frivolous).

Accordingly, I recommend that the Court **dismiss** this action for lack of subject matter jurisdiction.

Date:  September 15, 2023                              /s/ Sally J. Berens
                                                               SALLY J. BERENS
                                                               U.S. Magistrate Judge

## NOTICE

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).